UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JEANNEA E. MADSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 4:07-CV-84-JVB-PRC |
| | ) |
| DEBORAH JONES and JIMMIE JONES, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Jeannea E. Madsen ("Madsen"), a *pro se* plaintiff[1], filed a complaint in this Court on December 26, 2007, alleging a violation of 42 U.S.C. § 1983. Madsen has also filed a motion to proceed *in forma pauperis.* 28 U.S.C. § 1915. Under § 1915(e)(2)(B)(ii), federal courts are authorized to dismiss a claim filed *in forma pauperis* at any time if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. A complaint need not contain detailed factual allegations and may include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Nevertheless, Rule 8(a)(2) requires a "showing," rather than a blanket assertion, of entitlement to relief.

---

[1] The Court notes that a document filed *pro se* must be liberally construed, and a *pro se* complaint must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf*. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). Because the complaint fails to state a claim on which relief may be granted, the case must be dismissed.

Madsen brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege (1) violation of rights secured by the Constitution and laws of the United States and (2) must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The United States Supreme Court defined the phrase "acting under color of [state] law" as "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. . . ." *Monroe v. Pape*, 365 U.S. 167, 184 (1961)(citations omitted). And the purpose of § 1983 is to deter state actors, and private individuals in collaboration with state officials, from using a "badge of authority" to deprive individuals of rights guaranteed by the Constitution. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

According to the complaint, Madsen is the natural mother of Ashley Martin, and Ashley Martin is currently under the guardianship of her natural grandmother Deborah Jones and step-grandfather Jimmie Jones. Madsen asserts that in 2003, Ashley Martin's natural father, Richard Martin, was "falsely accused of sexually molesting Ashley Martin." Complaint at 2. Madsen stated that the aforementioned guardianship was established in March 2004. Madsen asserts that she was never found unfit and seeks to have the guardianship terminated. *Id*. Madsen also seeks $500,000 for lost time with Ashley Martin and for grief and seeks to prevent visitation by Ashley Martin's grandparents without Madsen's consent. *See Id.* at 3.

To the extent Madsen seeks to invoke the Court's federal question jurisdiction by raising a claim under 42 U.S.C. § 1983, her allegations are insufficient to establish an actionable claim.

Deborah Jones and Jimmie Jones are neither state officials nor private individuals in collaboration with state officials. Rather, Deborah Jones and Jimmie Jones are private citizens who did not act under the color of state law. Accordingly, Deborah Jones and Jimmie Jones are not subject to § 1983 liability.

For the foregoing reasons, the Court **DENIES** the Plaintiff's motion for leave to proceed *in forma pauperis* [DE 2], and **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED on January  10 , 2008.

s/ Joseph S. Van Bokkelen
**JOSEPH S. VAN BOKKELEN**
**UNITED STATES DISTRICT COURT JUDGE**